IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KERRY WEBER, individually and as personal representative of the ESTATE OF MICHAEL LEE JONES, KATHRYN JONES, & DOUGLAS JONES,**<br><br>    **Defendants.** | Case No. 20-1008-DDC-JPO |

## MEMORANDUM AND ORDER

Plaintiff State Farm Life Insurance Company ("State Farm") brings this interpleader action to determine how to distribute proceeds from the life insurance policy of Michael Lee Jones (Doc. 1).[1] Defendant Kathryn Jones has filed an Answer and Counterclaim (Doc. 13). State Farm filed an Answer to Ms. Jones's Counterclaim (Doc. 14) and filed a Motion for Judgment on the Pleadings (Doc. 15). State Farm also has filed a Motion to Deposit Funds and for Discharge (Doc. 16). For the reasons explained below, the court grants State Farm's motions.

---

[1] State Farm brings this interpleader action under 28 U.S.C. § 1335. For a federal court to exercise subject matter jurisdiction under § 1335, a plaintiff must show three things: (1) "that plaintiff has in its custody or possession money or property valued at $500 or more;" (2) "that two or more adverse claimants of diverse citizenship claim rights to the money or property;" and (3) "that 'the plaintiff has deposited such money or property . . . into the registry of the court . . . .'" *Network Sols., Inc. v. Clue Comput., Inc.*, 946 F. Supp. 858, 860 (D. Colo. 1996). Here, the Complaint alleges that more than $500 is at issue, claimants—who are citizens of different states—claim rights to the money, and State Farm has followed our court's local rule, D. Kan. Rule 67.1(a), seeking permission to deposit funds into the court's registry. Doc. 1 at 6 (Compl. ¶ 26); Doc. 16 at 1.

## I.      Factual and Procedural Background

The following facts come from State Farm's Complaint (Doc. 1) and the defendants—Ms. Weber and Ms. Jones—admit these facts in their respective answers. Ms. Weber admits all the following facts. Doc. 11 at 1 (Answer ¶ 1–2, 4). Ms. Jones admits the following facts from State Farm's Complaint, Doc. 13 at 1 (Answer and Countercl. ¶ 1–3), or fails to deny the facts stating they are "immaterial" to Ms. Jones's breach of contract claim, Doc. 13 at 1 (Answer and Countercl. ¶ 4). A denial must "fairly respond to the substance of the allegation," and simply stating the facts are "immaterial" does not constitute a denial under Fed. R. Civ. P. 8(b)(2). 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1264 (3d ed. 2004) (citing *Publicker v. Shallcross*, 106 F.2d 949 (3d Cir. 1939) *cert. denied*, 308 U.S. 624 (answer did not include sufficient denial when it responded to complaint's averment by claiming the facts were immaterial, so those facts were admitted)). A fact not specifically denied "will stand admitted and will not be at issue at trial," under Fed. R. Civ. P. 8(b)(6). *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1298 (10th Cir. 1980).

On June 10, 1992, State Farm issued a life insurance policy (the "Policy") to Michael Lee Jones. Doc. 1 at 3 (Compl. ¶ 3). The Policy insured Michael Lee Jones's life "in the face amount of $25,000.00 with a $25,000.00 term rider and paid up additions of $5,719.48." *Id.* (Compl. ¶ 8). The Policy designated Ms. Jones as beneficiary. *Id.* (Compl. ¶ 5). At the time, Kathryn Jones was Michael Lee Jones's spouse. *Id.* at 2 (Compl. ¶ 6). The Policy listed Michael Lee Jones's parents—Stevetta and Harold Jones—as successor beneficiaries. *Id.* at 3 (Compl. ¶ 6). Both Harold and Stevetta Jones predeceased Michael Lee Jones. *Id.* (Compl. ¶ 7).

Michael Lee and Kathryn Jones divorced in Oklahoma in 2013. *Id.* at 4 (Compl. ¶ 13); Doc. 1-1 (District Court of Oklahoma County, Oklahoma Consent Decree of Dissolution of

Marriage). The divorce Decree awarded Michael Lee Jones "'all the parties' right, title and/or interest in . . . 100% of his retirement, including, but not limited to . . . life insurance accounts . . . .'" *Id.* (Compl. ¶ 14) (quoting Doc. 1-1 at 3). The Decree also provided that Kathryn Jones would "'continue to pay the State Farm life insurance policies for both [Kathryn Jones] and [Michael Lee Jones]'" until Michael Lee Jones was "'financially able or when his family member is able to take over payments.'" *Id.* at 4–5 (Compl. ¶ 15) (quoting Doc. 1-1 at 4).

Michael Lee Jones died on March 2, 2019. *Id.* at 5 (Compl. ¶ 16). The Policy "was in full force and effect at the time of" his death. *Id.* (Compl. ¶ 17). On April 23, 2019, Ms. Jones submitted a life insurance claim to State Farm. *Id.* (Compl. ¶ 19). Then, on June 26, 2019, Kerry Weber submitted a life insurance claim to State Farm. *Id.* (Compl. ¶ 20). Ms. Weber is Michael Lee Jones's sister and personal representative of his estate. *Id.* at 2 (Compl. ¶¶ 9, 13).

Ms. Jones alleges the divorce and Ms. Weber's claim to the proceeds "are immaterial to plaintiff's contractual obligation to pay the life insurance proceeds to [Ms. Jones], the named beneficiary," because "under Kansas law where the contract was formed, created and executed," Ms. Jones has a right to the life insurance proceeds. Doc. 13 at 1 (Answer and Countercl. ¶ 4). She also alleges "[t]he expressed intent of Michael Lee Jones was to have State Farm pay all of his life insurance benefits to the person paying the life insurance premiums, Kathryn Jones." Doc. 13 at 2 (Answer and Countercl. ¶ 2). "State Farm accepted all premium payments from Kathryn Jones, knew that she was making them and knew that she was the named beneficiary." *Id.* at 2 (Answer and Countercl. ¶ 4).

Ms. Jones admits Michael Lee Jones was a resident of Oklahoma at the time of his death. *Id.* at 1 (Answer and Countercl. ¶ 4). State Farm asserts "Oklahoma law precludes [Ms. Jones] from being [a] named beneficiary under the Policy" because she and Michael were divorced.

3

Doc. 1 at 5 (Compl. ¶ 4, 18) (citing 15 Okla. Stat. Ann. § 178). State Farm alleges that because Ms. Weber and Douglas Jones—Michael's siblings—also have asserted an interest in the Policy's proceeds, it "has been presented with competing claims for payment under the Policy." *Id.* (Compl. ¶¶ 21, 23). Ms. Jones does not deny these facts. She merely asserts that these facts are "immaterial to plaintiff's contractual obligation." Doc. 13 at 1 (Answer and Countercl. ¶ 4).

The court's analysis begins with State Farm's Motion for Judgment on the Pleadings (Doc. 15). Then the court turns to its Motion to Deposit Interpleader Funds (Doc. 16).

## II.     State Farm's Motion for Judgment on the Pleadings

### A. Legal Standard

Fed. R. Civ. P. 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). So, the legal standards that apply to Rule 12(b)(6) motions also apply to a Rule 12(c) motion.

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted against any pleading asserting a right to relief, including counterclaims. "In determining whether a counterclaim should be dismissed pursuant to Rule 12(b)(6), the court applies the same standards as applied in considering a motion to dismiss a complaint for failure to state a claim for relief." *Jones v. Addictive Behavioral Change Health Grp., LLC*, No. 16-02685-HLT, 364 F. Supp. 3d 1257, (D. Kan. Jan. 31, 2019); *see United States ex rel. Duffy v. Lawrence Mem'l Hosp.*, No. 14-2256-SAC-JPO, 2016 WL 11627364 at *1 (D. Kan. Feb. 25, 2016) (applying Tenth Circuit's motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) to a motion to dismiss counterclaim) (citing *Smith v. United States*, 561 F.3d 1090, 1097

(10th Cir. 2009) (discussing Fed. R. Civ. P. 12(b)(6)'s legal standard assessing a motion to dismiss a complaint)).

To survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a party moves for judgment on the pleadings against a counterclaim, "[a]ll reasonable inferences from the pleadings are granted in favor of the non-moving party." *Cessna Fin. Corp. v. JetSuite, Inc.*, 437 F. Supp. 3d 914, 919 (D. Kan. 2020) (citing *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012)). "Under this standard, 'the complaint must give the court reason to believe that *this* [claimant] has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). Here, all facts in Ms. Jones's Answer and Counterclaim are taken as true and, as the non-moving party, all reasonable inferences are made in her favor.

### B. Discussion

Ms. Jones asserts a Counterclaim against State Farm, seeking to recover $56,086 in life insurance benefits, interest on the life insurance proceeds, and attorneys' fees. Doc. 13 at 3 (Answer and Countercl.). The Counterclaim alleges that State Farm's life insurance policy is a contract naming Ms. Jones as beneficiary. *Id.* at 2 (Answer and Countercl. ¶ 1). State Farm has breached that contract, she alleges, by refusing to pay all life insurance benefits to Ms. Jones. *Id.* at 2–3 (Answer and Countercl. ¶¶ 1, 10). State Farm has moved for judgment on the pleadings against Ms. Jones's Counterclaim. Doc. 15.

"Interpleader is a statutory remedy that offers 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1704 (3d ed. 2001)). Counterclaims are appropriate where "an interpleaded defendant 'asserts that the stakeholder is independently liable to him . . . .'" *Genomatica, Inc. v. Icelandic Genomic Ventures Holding, S.A.R.L.*, No. 3:12-cv-0268-GPC-BGS, 2013 WL 1186919, at *6 (S.D. Cal. Mar. 21, 2013) (quoting *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012)). "Certainly when the stakeholder is an interested party and when one of the claimants asserts that the stakeholder is independently liable to that claimant, the interposition of a counterclaim is appropriate." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1715 (3d ed. 2019).

State Farm asserts the courts should dismiss Ms. Jones's Counterclaim for two reasons. *First*, State Farm argues Ms. Jones does not assert any facts to support independent liability against State Farm. And *second*, State Farm argues that she fails to allege any facts supporting a breach of contract claim.

      i.    *First, State Farm argues Kathryn Jones seeks to hold State Farm liable for pursuing an interpleader action and asserts no facts supporting independent liability.*

State Farm argues Ms. Jones fails to state a claim for relief because, as a matter of law, Ms. Jones cannot prevail on her Counterclaim against State Farm, solely because it invoked the interpleader procedure in 28 U.S.C. § 1335. In response, Ms. Jones asserts she has a claim "against State Farm since they have refused to pay her the policy's benefits." Doc. 17 at 1. She contends "State Farm should have denied the claim by Kerry Weber and followed their policy"

and "State Farm is in breach of contract by not paying all life insurance benefits to Kathryn Jones." *Id.* at 2 ¶¶ 9–10.  Ms. Jones thus seeks to hold State Farm liable for pursuing an interpleader action rather than paying her the proceeds directly.

Courts "consistently [have] rejected" counterclaims seeking to impose liability "based on the plaintiff[ ] having opted to proceed via an interpleader complaint rather than having chosen from among competing adverse claimants." *Lutheran Bhd. v. Comyne*, 216 F. Supp. 2d 859, 862–63 (E.D. Wis. 2002) (first citing *Manitowoc Eng'g Co. Salaried Emps. Deferred Profit-Sharing Plan v. Powalisz*, No. 85-C-534, 1986 WL 2605, at *7 (E.D. Wis. Feb. 12, 1986); then citing *U.S. Tr. Co. of N.Y. v. Alpert*, 10 F. Supp. 2d 290, 307 (S.D.N.Y. 1998)).  "Put another way, where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009).

"To allow [the interpleader plaintiff] to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy—namely, that a 'stakeholder [should] not [be] obliged at his peril to determine which claimant has the better claim." *Hovis*, 553 F.3d at 265.  The Eighth Circuit recently noted the "*Hovis* decision has been cited favorably by the Fifth, Ninth, and Eleventh Circuits." *Primerica Life. Inc. Co. v. Woodall*, \_\_\_\_ F.3d \_\_\_\_, 2020 WL 5539807, at *2 (8th Cir. Sept. 16, 2020) (first citing *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1014 (9th Cir. 2012) ("*Hovis* is consistent with the general principles of interpleader, namely, that a disinterested stakeholder may not be subjected to liability for its failure to resolve the controversy over entitlement to the stake in one claimant's favor . . . ."); then citing *Berry v. Banner Life Ins. Co*., 718 F. App'x 259, 262 (5th Cir. 2018); then citing *Klayman v. Jud. Watch,*

7

*Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016)). Merely because an interpleader plaintiff has commenced an interpleader action will not make it liable to one or more adverse claimants.

In *Barber*, our court held dismissal of a Counterclaim proper when defendant's "counterclaim cite[d] to no legal theory, statute, or rule of law, but instead state[d] only that he is the designated beneficiary under the insurance policy." *Am. Home Life Ins. Co. v. Barber*, No. 02-4168-SAC, 2003 WL 21289986, at *3 (D. Kan. May 16, 2003). Defendant's Counterclaim in *Barber* argued the insurance company was liable because it sought interpleader rather than paying out the defendant and argued "there [was] no legal basis to the claims" of the other defendants. *Id.* Ms. Jones asserts essentially the same Counterclaim here. She argues the court should hold State Farm liable because "[i]t would be grossly unjust and inequitable for the life insurance benefits to be paid to someone other than Kathryn Jones." Doc. 13 at 2 (Answer and Countercl. ¶ 8). Her only asserted theory of liability stems from State Farm commencing an interpleader action instead of choosing to honor her claim. She alleges no other facts which could support independent liability against State Farm. *See id.*

Ms. Jones does not respond to the argument that the court should follow the general rule that allows a Counterclaim against an interpleader plaintiff only if the plaintiff "is independently liable." *Genomatica, Inc.*, 2013 WL 1186919, at *6. Nor does she argue anything within her Counterclaim supports an independent basis for liability.[2] *See* Doc. 17. In sum, the court

---

[2] Kathryn Jones cites Kan. Stat. Ann. § 40-256, arguing that she is entitled to her attorneys' fees in this action. *Barber* rejected a similar argument, concluding that the Counterclaim in an interpleader action failed to state a plausible claim for attorney fees under § 40-256 because the statute "provides that, in an action on an insurance policy, fees are allowed if the insurance company has refused without just cause or excuse to pay the claim." *Barber*, 2003 WL 21289986, at *3. But, in *Barber*, the insurance company has "paid out the proceeds, albeit to the court, and ha[d] not refused to pay without just cause rendering [§ 40-256] inapplicable." *Id.* Similarly, here, State Farm is asking to pay out the proceeds to the court and hasn't refused to pay without just cause. So, the court concludes, Kathryn Jones can't prevail on a Counterclaim relying on § 40-256.

8

concludes Ms. Jones has not pleaded any facts supporting independent liability and thus has not stated a plausible claim for relief. *See Barber*, 2003 WL 21289986, at *2

      ii.  *Second, State Farm argues Kathryn Jones fails to allege any facts supporting a breach of contract action.*

*Second*, and as an alternative reason for dismissal, State Farm argues Ms. Jones's Counterclaim alleges only conclusory allegations of a breach of contract claim and does not provide sufficient facts to support such a claim. Doc. 15 at 5. It asserts Ms. Jones does not point to any facts which, if proved, could support a finding that State Farm breached the insurance policy. *Id.* at 5. State Farm recognizes that the Counterclaim asserts that it breached an insurance contract by commencing this interpleader action. But, part i already has concluded that this theory can't support a breach of contract action.

In response, Ms. Jones argues "State Farm should not be allowed to escape their contractual obligations to defendant Jones by saying they are protected from liability due to their interpleader action." Doc. 17 at 2. The Counterclaim pleads that "Kathryn Jones paid all of the monthly life insurance premiums before and after their divorce for the purpose of being the sole beneficiary of the life insurance policy . . . ." Doc. 13 at 2 (Answer and Countercl. ¶ 3). According to Ms. Jones, "State Farm should have denied the claim by Kerry Weber and followed their policy," and "State Farm is in breach of contract by not paying all life insurance benefits to Kathryn Jones." *Id.* at 2–3 (Answer and Countercl. ¶¶ 9, 10). Importantly, Ms. Jones does not plead or otherwise identify any facts which support her breach of contract claim. And, at best, she merely reiterates that State Farm violated a contract by pursuing an interpleader action rather than pay her the proceeds directly. *See* Doc. 17.

As discussed above, filing an interpleader action alone cannot support liability against an interpleader plaintiff. *See Hovis*, 553 F.3d at 265. In *Hovis*, the Third Circuit affirmed dismissal

of defendant's tort claims because "'each of [his] counterclaims concern[ed] [plaintiff]'s failure to resolve its investigation in [defendant's] favor and pay out the life insurance proceeds to [defendant].'" *Lee*, 688 F.3d at 1013–14 (quoting *Hovis*, 553 F.3d at 264). "[A] stakeholder's 'failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty.'" *Id.* (quoting *Hovis*, 553 F.3d at 265). Ms. Jones's breach of contract claim rests solely on State Farm's decision to bring an interpleader action and she does not allege any facts which could support her conclusion that bringing an interpleader action, in and of itself, violated the life insurance policy. So, the court holds that Ms. Jones has failed to plead sufficient facts capable of supporting a breach of contract claim against State Farm.

### III.     State Farm's Motion to Deposit Funds and for Discharge

#### A.  Background

As explained above, the proceeds of Michael Lee Jones's life insurance policy are $56,086, plus interest (the "Proceeds"). Doc. 1 at 6 (Compl. ¶ 26). Two parties—Ms. Jones and Ms. Weber—have submitted competing claims for the Proceeds. *Id.* at 5 (Compl. ¶ 23). Indeed, Ms. Jones has filed an Answer seeking payment of the proceeds to herself. Doc. 13 at 2–3. And Ms. Weber has filed an Answer seeking payment of the Proceeds to Michael Lee Jones's estate. Doc. 11 at 2. According to the Complaint, these claims are "irreconcilable" because they take "different and wholly inconsistent positions" about how Michael and Kathryn Jones's "Divorce Decree affects distribution of the Policy's proceeds." Doc. 1 at 5 (Compl. ¶ 24).

State Farm asserts that it "is a neutral disinterested stakeholder of the Proceeds that are admittedly payable under the Policy." Doc. 16 at 2–3 (citing Doc. 1 at 5–6 (Compl. ¶¶ 23–27)). It thus seeks to interplead the Proceeds and depart from the action. *Id.* at 1. State Farm also

seeks "an order discharging State Farm from liability, dismissing State Farm with prejudice from this action, enjoining [d]efendants from bringing future claims against State Farm, and awarding State Farm its reasonable costs and attorneys' fees incurred in bringing this interpleader action." *Id.* at 1.

### B. Discussion

#### 1. State Farm's Request to Deposit Funds in the Court's Registry

Interpleader actions permit the interpleader plaintiff to deposit disputed funds with the court, then "withdraw and leav[e] the interpleader defendants to prosecute their competing claims to the disputed property among themselves." *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d at 639. Interpleader is appropriate where a party "show[s] that its concerns of defending multiple adverse claims . . . are legitimate." *Primerica Life Ins. Co. v. Frantz*, 371 F. Supp. 3d 960, 962 (D. Kan. 2019); *see also Barber*, 2003 WL 21289986, at *2 ("Where there is a real risk of vexatious, conflicting claims, a stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting such claims, even though only one will be found meritorious."); *Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414 (D. Kan. 1997) (concluding interpleader was appropriate because "there remains the possibility of adverse claims for the proceeds"). Here, State Farm has shouldered its burden to show that interpleader is proper because the interpleader defendants have submitted competing claims for the Proceeds of Michael Jones's life insurance policy. State Farm asserts that Ms. Jones—Michael Lee Jones's former spouse—claims that she deserves the Proceeds. Doc. 1 at 5 (Compl. ¶ 18–19). But, Oklahoma law provides,

> [i]f, after entering into a written contract in which a beneficiary is designated . . . for the payment of any death benefit . . . the party to the contract with the power to designate the beneficiary . . . dies after being divorced from the person designated

11

> as the beneficiary . . . all provisions in the contract in favor of the decedent's former spouse are thereby revoked.

15 Okla. Stat. Ann. § 178(a).  State Farm asserts that this statute casts doubts on the identity of the proper beneficiary of Michael Lee Jones's life insurance policy.  *Id*. at 5 (Compl. ¶ 23).  State Farm alleges that if it were to decide unilaterally which claimant is the proper beneficiary, *i.e.*, Kathryn Jones or Kerry Weber, it would expose itself to separate litigation from each claimant.  *Id.* at 5 (Compl. ¶ 25).  Because of these competing claims, the court authorizes State Farm to deposit these Proceeds and any interest with the court's registry.  Fed. R. Civ. P. 67(a); D. Kan. Rule 67.1; *see also Primerica Life Ins. Co.*, 371 F. Supp. 3d at 962 (granting interpleader plaintiff leave to deposit policy benefit and interest in court's registry under Fed. R. Civ. P. 67).

### 2.  Discharge Order and Injunction

Next, State Farm asks the court to discharge it from the case and enjoin the claimants from bringing any action against State Farm arising from Michael Lee Jones's life insurance proceeds.  "Once the plaintiff deposits the funds with the court, 'all legal obligations to the [ ] claimants are satisfied,' and the court enters 'a discharge judgment on behalf of the [plaintiff].'"  *McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017) (quoting *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994)).  The court also may "enjoin claimants from 'instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action.'"  *In re Millennium*, 772 F.3d at 639 (quoting 28 U.S.C. § 2361).

State Farm asserts that once it has deposited the life insurance Proceeds into the court's registry, there is no reason for it to remain a party in this case.  Doc. 16 at 5.  It seeks discharge and asks the court to enjoin claimants "from instituting any further action against State Farm" for Michael Lee Jones's coverage, the Proceeds, or his life insurance policy.  *Id.*  The court agrees

that discharging State Farm from the case and granting the permanent injunction it requests is appropriate. As explained in *Barber*,

> Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, "it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudged to be entitled thereto"

*Barber*, 2003 WL 21289986, at *2 (quoting *Rosenberger v. Nw. Mut. Life Ins. Co.*, 176 F. Supp. 379, 385 (D. Kan. 1959)). Once State Farm supplies proof that it has deposited the Proceeds into the court's registry, it should submit a proposed Order dismissing it as a party in the action and prohibiting the claimants from taking action against State Farm.

### 3. Attorneys' Fees

Finally, State Farm seeks $3,271.50 in attorneys' fees and costs. Doc. 16 at 6. "The award of fees and costs to an interpleader plaintiff, or 'stakeholder,' is an equitable matter that lies within the discretion of the trial court." *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123 (unpublished table opinion), No. 94-3396, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995) (citations omitted). "The Tenth Circuit has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court." *Barber*, 2003 WL 21289986, at *3 (citing *U.S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)).

> The rationale for the award is that the plaintiff has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants—the true disputants—who should be able to cover the typically minor expense involved out of the fund distributed to them.

*Transamerica*, 1995 WL 675368, at *1 (citing *In re Mandalay Shores*, 21 F.3d at 382–83) (further citation omitted).

Attorneys' fees generally are awarded to an interpleader plaintiff who "'(1) is "disinterested" (*i.e.*, does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge,' and 'who is [not] in some way culpable as regards the subject matter of the interpleader proceeding.'" *Id.* (quoting *United Bank of Denver, Nat'l Ass'n v. Oxford Props., Inc.*, 683 F. Supp. 755, 756–57 (D. Colo. 1988)). A "culpable" interpleader plaintiff is one who is responsible for causing controversy over the disputed fund. *United Bank of Denver*, 683 F. Supp. at 757.

Here, State Farm satisfies three of the four elements: (1) it is a disinterested party, (2) it has conceded that the Proceeds are payable to the proper beneficiary, and (3) it seeks discharge and has not caused the underlying controversy, *i.e.*, the competing claims. The missing element is that State Farm has not yet deposited the Proceeds into the court's registry. Once State Farm has done so, though, it may seek to recover its reasonable attorneys' fees and costs consistent with this court's local rule. *See* D. Kan. Rule 67.1(a). With that putative fee request, State Farm must present evidence permitting the court to decide whether the request is reasonable. *See Barber*, 2003 WL 21289986, at *4 (deciding that attorneys' fee request was fair and reasonable based on records submitted about time spent on the matter).

### IV.     Conclusion

The court grants State Farm's Motion for Judgment on the Pleadings (Doc. 15) against defendant Kathryn Jones's Counterclaim (Doc. 13). Also, the court grants State Farm's Motion to Deposit Funds and for Discharge (Doc. 16) in part. The court grants State Farm's request to deposit the Proceeds of Michael Lee Jones's life insurance policy, plus accrued interest, into the court's registry. Once State Farm supplies proof that it has deposited the Proceeds into the

court's registry, the court will dismiss State Farm from the action and prohibit claimants from taking action elsewhere to contest distribution of Proceeds of Michael Lee Jones's life insurance policy.  Finally, once State Farm deposits the funds into the court, it may seek its reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED BY THE COURT THAT** State Farm Life's Motion for Judgment on the Pleadings is granted (Doc. 15).

**IT IS FURTHER ORDERED THAT** State Farm's Motion to Deposit Funds is granted in part (Doc. 16).  State Farm is granted leave to deposit into the court's registry the interpleader funds totaling $56,086.00 in insurance proceeds and accrued interest, and the Clerk of the Court is directed to deposit the interpleader funds into an interest-bearing account.

**IT IS FURTHER ORDERED THAT** once State Farm deposits the interpleader funds into the court's registry, the court will enter an Order discharging State Farm from liability and enjoining the parties from instituting any proceeding, in this or any other court, against State Farm for the interpleaded funds due and owing under Michael Lee Jones's life insurance policy;

**IT IS FURTHER ORDERED THAT** once State Farm deposits the interpleader funds into the court's registry, it may file a motion, with supporting evidence, seeking its reasonable attorneys' fees and costs.

**IT IS SO ORDERED.**

**Dated this 28th day of September, 2020, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**