IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KERRY WEBER, individually and as personal representative of the ESTATE OF MICHAEL LEE JONES, KATHRYN JONES, & DOUGLAS JONES,**<br><br>    **Defendants.** | **Case No. 20-1008-DDC-JPO** |

## MEMORANDUM AND ORDER

In this interpleader action, defendants Kerry Weber and Kathryn Jones have filed a "Joint Motion for Default Judgment Against Defendant Douglas Jones." Doc. 44. As explained below, the court construes the motion as one seeking a Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a). The court cannot grant *default judgment* under Rule 55(b) yet because no party has asked the Clerk to enter a default under Rule 55(a). **Defendants may file a motion for default judgment under Rule 55(b) after the Clerk enters a default against defendant Douglas Jones.**

As the court explained in its December 21, 2020 Order to Show Cause, Rule 55 provides "'a two-step process'" for securing a default judgment. Doc. 43 at 2 n.1 (quoting *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014)). "The first step involves the court clerk's decision whether to enter a default. . . . If the clerk enters a default, the plaintiff can ask the court to grant a default judgment." *Meyers*, 581 F. App'x at 710; *see also Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1223 (D. Kan. 2011)

("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default." (citations omitted)). First, the party seeking default must apply to the clerk for a Clerk's Entry of Default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief. Fed. R. Civ. P. 55(a). After the Clerk's Entry of Default is entered, the party seeking default judgment then may move for an Entry of Default Judgment under Rule 55(b). *Id.* at 55(b).

Defendants' joint motion seems to conflate the two steps. Defendants cite Rule 55(a) but ask the court to enter "an order of default judgment against defendant Douglas Jones." Doc. 44 at 1. The court cannot enter default judgment yet because no party has asked the Clerk of the Court to enter default under Rule 55(a). Thus, the court construes defendants' motion as a request for entry of default under Rule 55(a), and based on the showing in the motion, directs the Clerk to enter default. The docket reflects that plaintiff personally served defendant Douglas Jones on January 29, 2020. Doc. 12. Federal Rule of Civil Procedure 12(a)(1)(A)(i) required Mr. Jones to answer the Complaint within 21 days. That time has long passed. And, Mr. Jones never has answered or otherwise appeared in this lawsuit.

The court thus directs the Clerk to enter default against Mr. Jones on the claims asserted against him in the Complaint (Doc. 1). **Once default is entered, defendants may file a motion for default judgment under Rule 55(b) with the court.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' "Joint Motion for Default Judgment Against Defendant Douglas Jones" (Doc. 44) is construed as a motion for entry of default and is granted.

2

**IT IS FURTHER ORDERED THAT** the Clerk shall enter default against defendant Douglas Jones.

**IT IS SO ORDERED.**

**Dated this 4th day of January, 2021, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**