IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**KERRY WEBER, individually and as personal representative of the ESTATE OF MICHAEL LEE JONES, KATHRYN JONES, & DOUGLAS JONES,**<br><br>    Defendants. | Case No. 20-1008-DDC-JPO |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Kathryn Jones and Kerry Weber's Joint Motion for Default Judgment Against Douglas Jones (Doc. 48). Kathryn Jones and Kerry Weber ask the court for a default judgment against defendant Douglas Jones for failing to appear and participate in the lawsuit. Doc. 48 at 1. For the following reasons, the court grants the motion.

Plaintiff State Farm Life Insurance Company ("State Farm") filed this Interpleader action on January 14, 2020, to determine how to distribute the life insurance proceeds of Michael Lee Jones. Doc. 1 at 1. State Farm named three interpleader defendants—Kathryn Jones, Kerry Weber, and Douglas Jones. *Id.* at 2. State Farm personally served Douglas Jones on January 29, 2020, in El Dorado, Kansas. Doc. 12 at 1. Douglas Jones's answer was due February 19, 2020. *See id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i). Douglas Jones has not appeared or otherwise filed a pleading in this action and the time to do so has expired. Interpleader defendants, Kathryn Jones and Kerry Weber, filed a joint motion for entry of default against Douglas Jones on State Farm's Interpleader Complaint for failure to participate in the lawsuit. Doc. 44 at 1. On

Kathryn Jones and Kerry Weber's joint motion, the Clerk of the Court entered an Entry of Default against Douglas Jones on January 4, 2021, under Fed. R. Civ. P. 55(a). Doc. 46 at 1.

After the Clerk's entry of default, the court may enter default judgment against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(b); *see also Life Ins. Co. of N. Am. v. Jenkins-Dyer*, No. 08-CV-2129 KHV, 2009 WL 1559778, at *1 (D. Kan. May 29, 2009). These same principles apply to Interpleader actions. "Interpleader defendants can utilize Rule 55 when other parties fail to defend." *See Jenkins-Dyer*, 2009 WL 1559778, at *1. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Id.* "A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue." *State Farm. Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245 (unpublished table opinion), 1992 WL 64883, at *1 (10th Cir. 1992).

State Farm personally served Douglas Jones on January 29, 2020, in El Dorado, Kansas. Doc. 12 at 1. Defendant Douglas Jones failed to appear to otherwise plead in this action and the time to do so has expired. So, the court may enter default judgment against Douglas Jones under Fed. R. Civ. P. 55(b).[1] The court thus grants the motion (Doc. 48) and enters default judgment against Douglas Jones. Douglas Jones may not claim a right to interpleaded funds from Michael Lee Jones's life insurance policy.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Joint Motion for Default Judgment Against Douglas Jones (Doc. 48) is granted and default judgment is entered against Douglas Jones on State Farm's Interpleader Complaint (Doc. 1).

---

[1] The court does not find a hearing necessary to enter default judgment since neither Kathryn Jones nor Kerry Weber seeks damages from Douglas Jones. *See* Fed. R. Civ. P. 55(b); *see also Jenkins-Dyer*, 2009 WL 1559778, at *2 (finding a hearing unnecessary to enter default judgment against interpleader defendant).

3

**IT IS SO ORDERED.**

**Dated this 24th day of February, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge