IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**KERRY WEBER, individually and as personal representative of the ESTATE OF MICHAEL LEE JONES, KATHRYN JONES, & DOUGLAS JONES,**<br><br>        **Defendants.** | Case No. 20-1008-DDC-JPO |

### MEMORANDUM AND ORDER

This matter comes before the court on State Farm Life Insurance Company's ("State Farm") Motion for Attorneys' Fees and Expenses (Doc. 29) and defendant Kathryn Jones's "Motion to Pay Out Uncontested Funds" (Doc. 33). For the following reasons, the court grants both motions and directs the Clerk of the Court to disburse the interpleaded funds, consistent with this Order.

**I.      Background**

State Farm filed this interpleader action for the proceeds of Michael Lee Jones's life insurance policy ("Proceeds"). Doc. 1 at 6 (Compl. ¶ 26). Two parties—Kathryn Jones and Kerry Weber—had submitted competing claims for the funds held by State Farm. *Id.* at 5 (Compl. ¶ 23). So, State Farm sought to interplead the funds and asked the court to discharge it from the case so that it wouldn't incur liability from choosing one claimant over another in disbursing the Proceeds. *See* Doc. 16.

On September 28, 2020, the court granted in part State Farm's Motion to Deposit Funds and for Discharge (Doc. 16). Doc. 26 at 14–15. The court held that once State Farm deposited the Proceeds into the court registry, the court would dismiss State Farm from the action and State Farm could file a motion for attorneys' fees. *Id.* The court explicitly invited State Farm to file a motion seeking an award of attorneys' fees after State Farm interpleaded the funds into the court's registry. *Id.* at 15 ("[O]nce State Farm deposits the interpleader funds into the court's registry, it may file a motion, with supporting evidence, seeking its reasonable attorneys' fees and costs.").

State Farm deposited the interpleader funds into the court's registry on September 30, 2020. Doc. 27. The court dismissed State Farm from the action with prejudice and discharged State Farm from liability on October 8, 2020. Doc. 28 at 2. State Farm then filed its Motion for Attorneys' Fees and Expenses on October 12, 2020. Doc. 29.

## II.     Motion for Attorneys' Fees and Expenses (Doc. 29)

### a.     Legal Standard

Fed. R. Civ. P. 54 requires a party to assert a claim for attorney's fees by motion and unless a court order provides otherwise, the attorneys' fees motion must:

(i)   be filed no later than 14 days after the entry of judgment;
(ii)  specify the judgment and the statute, rule, or other grounds entitling the movant to an award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv)  disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). And, the District of Kansas Local Rules require "[a] party who moves for statutory attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) must promptly initiate consultation with the other party or parties." D. Kan. Rule 54.2(a).

When the parties are unable to agree on a fee award, "the moving party must file the following within 30 days of filing the motion: (1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award; and (2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award." D. Kan. Rule 54.2(c).

Determining whether the requested fee is reasonable is within the discretion of the court. "'The award of fees and costs to an interpleader plaintiff, or "stakeholder", is an equitable matter that lies within the discretion of the trial court.'" *Am. Home Life Ins. Co. v. Barber*, No. 02-4168-SAC, 2003 WL 21289986, at *3 (D. Kan. May 16, 2003) (quoting *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, No. 94-3396, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995) (unpublished table opinion)).

The party seeking fees bears the burden of showing that the requested rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (citation and internal quotation marks omitted). When determining whether an hourly rate is reasonable, a district court "should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998). "A reasonable fee is the product of a reasonable rate in the relevant community multiplied by the number of hours reasonably spent on the litigation." *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (first citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); then citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### b. Analysis

Consistent with the court's Order (Doc. 26), State Farm has filed a Motion for Attorneys' Fees and Expenses. Doc. 29. State Farm seeks $3,633.50 in attorneys' fees and $637.00 in expenses, totaling $4,270.50, in bringing this interpleader action. Doc. 31 at 1. Ms. Jones, in her response to the Memorandum, never argues that the proposed fee award is unreasonable. *See* Doc. 32. Instead, she argues: (1) State Farm is not entitled to the award because it is no longer a party to the proceeding, and thus, its motion is untimely; (2) no statutory basis supports an award for attorneys' fees; and (3) no "equitable basis" exists for State Farm to recover its attorneys' fees from the funds that it was obligated contractually to pay to the named beneficiary. *Id.* at 1–2. Ms. Jones provides no case law to support any of her arguments. *See id.* And, she appears to ignore this court's previous finding that State Farm could seek attorneys' fees after it interpleaded the life insurance proceeds into the court's registry. *See* Doc. 26 at 14–15.

Ms. Jones's arguments against a fee award fail for several reasons.

*First*, State Farm timely filed its motion seeking attorneys' fees. It complies with this court's previous Order (Doc. 26) and D. Kan. Rule 54.2. As already discussed, D. Kan. Rule 54.3(a) requires a party seeking fees to "initiate consultation with the other party or parties." State Farm complied with this requirement by attempting to meet and confer with Ms. Jones about its fees motion. Doc. 31 at 24–27. But, in an email to State Farm's counsel, Ms. Jones's counsel reported that Ms. Jones "objects to any fees being taken from the policy proceeds by State Farm. [Kathryn] Jones paid for the life insurance policy and is entitled to the benefits." *Id.* at 24. As evidenced by the exchange between State Farm and Ms. Jones, State Farm attempted to engage Ms. Jones about attorneys' fees but these consultations didn't resolve the dispute. *See id.*

4

After the unsuccessful attempts to engage Ms. Jones in discussions, State Farm filed a timely memorandum in support of its motion, complying with D. Kan. Rule 54.2(e).  Doc. 31.  This memorandum includes the legal basis for State Farm's motion, states the amount sought, and includes the billing records supporting its requested attorneys' fees and expenses.  *See* Doc. 31.  Although the court had dismissed State Farm from the lawsuit before it filed its motion for attorneys' fees and memorandum in support, that dismissal didn't divest the court of jurisdiction to decide the fee award.  Indeed, the court has not yet entered a judgment in the case.  And, Ms. Jones cites no case law supporting her argument that State Farm can't recover its fees because the court has dismissed it as a party to the action.  So, the court rejects Ms. Jones's first argument against the fee award.

*Second*, State Farm has supplied the basis for its requested attorney fee award.  Consistent with Rule 54, State Farm explains it is entitled to attorneys' fees as a disinterested interpleader plaintiff.  Doc. 31 at 5.  Indeed, the court previously held that State Farm could seek attorneys' fees once it deposited the proceeds from Michael Lee Jones's life insurance policy into the court registry and presented evidence permitting the court to determine whether the request for attorneys' fees was reasonable.  Doc. 26 at 14 (finding "(1) [State Farm] is a disinterested party, (2) it has conceded that the Proceeds are payable to the proper beneficiary, and (3) it seeks discharge and has not caused the underlying controversy[.]"); *see also U.S. Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975) (finding attorneys' fees allowed for a disinterested plaintiff who brought the interpleader action); *Primerica Life Ins. Co. v. Frantz*, 371 F. Supp. 3d 960, 694–66 (D. Kan. 2019).  Thus, Ms. Jones's second argument against State Farm's requested fee award fails.

*Last*, the court rejects Ms. Jones's argument about the lack of an "equitable basis" for the award. Ms. Jones argues that no "equitable basis" exists to award State Farm its fees from the interpleaded funds. But she cites no legal authority supporting this argument. To the contrary, the Tenth Circuit has explained why it is equitable to award an interpleader plaintiff its litigation fees and costs:

> The rationale for the award is that the plaintiff has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants—the true disputants—who should be able to cover the typically minor expense involved out of the fund distributed to them.

*Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123 (unpublished table opinion), No. 94-3396, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995) (citations omitted). And, as discussed, our court regularly has awarded fees to interpleader plaintiffs. *See, e.g.*, *Primerica Life Ins. Co. v. Frantz*, 371 F. Supp. 3d 960, 694–66 (D. Kan. 2019); *Am. Home Life Ins. Co. v. Barber*, No. 02-4168-SAC, 2003 WL 21289986, at *3 (D. Kan. May 16, 2003).

Consistent with that case law, the court has held that State Farm is entitled to seek its attorneys' fees and costs here. Doc. 26 at 14–15. After reviewing the record State Farm has submitted, the court finds the request for attorneys' fees and expenses is reasonable. State Farm has attached as an exhibit to its motion a Declaration from State Farm's counsel providing the rationale and the billing records supporting its requested fees and expenses. Doc. 31 at 12–21. State Farm requests $4,270.50—representing 16.9 hours of work at $215 per hour—and $637.00 in expenses. *Id.* at 7, 21. This hourly rate and the hours spent litigating the case are reasonable.[1]

---

[1] *See, e.g. Primerica Life Ins. Co. v. Frantz*, No. 18-cv-2469-CM-KGG, 2019 WL 5188608, at *1 (D. Kan. Oct, 15, 2019) (finding attorney fee request of $4,104.50 for 26.40 hours of work—a rate of $155.47 per hour—reasonable in interpleader action); *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16 (D. Kan. Oct. 29, 2020), *aff'd*, No. 18-1100-EFM, 2020 WL 6939752 (D. Kan. Nov. 24, 2020) (finding rate of $225 per hour a reasonable rate for associate in Overland Park and Wichita market).

The $637.00 in expenses represents the cost of serving defendants with process and paying the court's filing fee.  Doc. 31 at 10, 21.  These expenses also are reasonable.  The court thus grants State Farm's Motion for Attorneys' Fees and Expenses (Doc. 29).

### III.     Motion to Pay Out Uncontested Funds (Doc. 33)

Next, the court addresses Ms. Jones's "Motion to Pay Out Uncontested Funds" (Doc. 33).  After mediating, Ms. Jones and Ms. Weber reached an agreement about disbursement of the Proceeds.[2]  Doc. 33.  The two parties agree to disburse the uncontested funds as follows:  (1) $10,500 to Kerry Weber, and (2) the balance of the funds to Kathryn Jones minus $4,270.50—the amount State Farm requested in attorneys' fees and expenses.  *Id.* at 2.  State Farm doesn't object to this disbursement.  Doc. 35.  So, because the parties agree to the disbursement, the court grants the Motion to Pay Out Uncontested Funds (Doc. 33).  The court directs the Clerk to disburse the funds from the court's registry in the amount specified by Ms. Jones and Ms. Weber's agreement.

### IV.     Conclusion

State Farm is entitled to reasonable attorneys' fees and expenses as an uninterested interpleader plaintiff.  *See* Doc. 26 at 14–15.  The court finds the requested fees and expenses—totaling $4,270.50—reasonable in light of the time spent and the necessity of the expenses in bringing this interpleader action.  So, the court grants the Motion for Attorneys' Fees and Expenses (Doc. 29).  The court also grants the "Motion to Pay Out Uncontested Funds" (Doc. 33).

---

[2]     Douglas Jones, a potential claimant, for proceeds of the Michael Lee Jones's life insurance policy, never has responded to the Complaint, and he didn't participate in the mediation.  Doc. 33 at 1.  He is currently in default.  *Id.*  The court entered default judgment against Douglas Jones under Fed. R. Civ. P. 55(b), thus he has no claim to Michael Lee Jones's life insurance proceeds.

The court orders the Clerk of the Court to disburse the remaining interpleaded funds as follows:

- The Clerk of the Court shall deduct the administrative registry fee, set at ten percent of the interest earned or as indicated based on the amount and time of deposit into the court;[3]

- $4,270.50 to State Farm for attorneys' fees and costs;

- $10,500.00 to defendant Kerry Weber; and,

- the remaining balance of the interpleaded funds, including accrued interest, to defendant Kathryn Jones.

**IT IS THEREFORE ORDERED BY THE COURT THAT** State Farm's Motion for Attorneys' Fees and Expenses (Doc. 29) is granted. The Clerk of the Court shall distribute and pay State Farm $4,270.50 in attorneys' fees and expenses from the interpleaded funds in the court's registry.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Kathryn Jones's "Motion to Pay Out Uncontested Funds" (Doc. 33) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall distribute and pay defendant Kerry Weber $10,500.00 from the interpleaded funds in the court's registry.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall distribute and pay defendant Kathryn Jones the remaining balance, including accrued interest, from the interpleaded funds in the court's registry minus the amounts awarded to State Farm, defendant Kerry Weber, and the court's administrative registry fee.

**IT IS SO ORDERED.**

---

[3] D. Kan. Rule 67.1(c)(2).

Dated this 24th day of February, 2021, at Kansas City, Kansas.

                                        s/ Daniel D. Crabtree
                                        Daniel D. Crabtree
                                        United States District Judge